IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHESTER ARTHUR JOHNSON,

        Plaintiff,                No. CIV S-06-1514 GEB GGH P

    vs.

BILL LOCKYER, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff, although a state prisoner proceeding pro se at the time this action was filed, has filed a notice of change of address indicating that he is no longer incarcerated. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On August 9, 2006, this court directed plaintiff to complete his in forma pauperis application, and plaintiff has subsequently submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

1

1   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

2   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

3   an immune defendant.

4         The court is required to screen complaints brought by prisoners seeking relief

5   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

8   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9   U.S.C. § 1915A(b)(1),(2).

10        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

12   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

14   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

15   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

16   Cir. 1989); Franklin, 745 F.2d at 1227.

17        A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

21   Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

22   a complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   \\\\\

1     Plaintiff purports to sue more than 25 defendants in this generally incoherent

2   complaint, wherein plaintiff asks for declaratory relief and monetary (including punitive)

3   damages.  Plaintiff has named the following defendants: Attorney General Bill Lockyer; Chief

4   Assistant Attorney General Robert Anderson; Senior Assistant Attorney General Mary Jo

5   Graves; Supervising Deputy Attorney General (DAG) Stan Cross; DAG Susan Rankin Bunting;

6   Kimberly Belshe, Director of the CA Dept. of Health Care Services; Philip Schaaf, Inspector

7   Health Care Services Licensing & Certification; Stephen Rhoads, Director, CA Energy

8   Commission; Atlas Hill, Assistant Manager CA Energy Commission Information Technology

9   Unit and his wife, BB Hill, a consultant; Sacramento (SAC) County District Attorney (DA) Jan

10   Scully; SAC County Assistant DA, Alberto Roldan; SAC County DA Investigator Michael J.

11   Pirotto; SAC County Chief Probation Officer Vernel L. Speirs; SAC County Supervising

12   Probation Officer, Ralph Thompson; SAC County Deputy Probation Officer Kristin Evans; SAC

13   County Superior Court Judges Charles C. Kobayashi, Joseph Orr, Russel Hom; SAC County

14   Board of Supervisors; and the following attorneys: Borden Webb, David Richardson, Candice

15   Christensen, SAC County Public Defender Guy P. Leighton and Robin Pearl.

16     Plaintiff alleges that in the spring of 2004, defendant ADA Roldan "knowingly

17   accepted a false police report from" defendant Atlas Hill and Albert Hill (evidently not a

18   defendant).  Complaint, p. 4.  The police report set forth that plaintiff had obtained a loan on trust

19   property and purchased a truck illegally.  Id.  Plaintiff avers that these parties knew the loan was

20   obtained legally and that no truck was bought and engaged in a conspiracy to violate plaintiff's

21   Fourteenth Amendment rights.  Id.   The various defendants refused to drop the case even

22   though plaintiff was able to prove that the loan was obtained legally and no truck was purchased.

23   Complaint, p. 5.

24     It is very difficult to unravel plaintiff's allegations because plaintiff does not set

25   them forth plainly, ranging far-afield in broad-sweeping, diffuse allegations, including, inter alia,

26   making claims about poor treatment and care of his mother at Green Haven Country Place

3

Nursing Home, and recounting his apparent efforts to print and distribute a book entitled: Is Gambling Controlled? – The Missing Link.  Complaint, pp. 5-8.  He contends that he used his own money to buy a six-bedroom house to establish "a beyond school program for at-risk youth and young adults," for which he and his wife gave many hours on a volunteer basis, which would go to show that he had no intent to commit a crime.  Id., at 9.

Among his exhibits is one that appears to be a copy of one from one of his former attorneys, defendant Christensen, seeking to be relieved as plaintiff's attorney due to a conflict of interest, apparently arising from plaintiff's efforts, allegedly criminal, to have her put a lis pendens back on property which defendant Judge Kobayashi had ordered removed.  Complaint exhibit at pp. 30-32.  That application by defendant Christensen at least clarifies that plaintiff at the time was incarcerated at Sacramento County Jail, awaiting trial on embezzlement and financial elder abuse charges.

Plaintiff makes various allegations that he has been deprived by defendants of his constitutional rights due to the conspiratorial activities of many of the defendants and apparently because he has been subject to a malicious prosecution.  He also alleges criminal wrongdoing, such as mail fraud, by, for example, the SAC County Probation Department (SCPD), when SCPD filed (and apparently mailed) a false report about plaintiff's activities; similarly, defendant Roldan and defendant Judge Orr committed mail fraud "by not providing a certified copy of the court proceedings."  Complaint, pp. 10, 16.  He also claims that the defendants who prosecuted him made false allegations and committed prosecutorial misconduct, that the defendant judges allowed the jury (juries?) to be misled or otherwise acted unfairly to misconstrue the facts or the law to plaintiff's detriment, in violation of his Sixth and Fourteenth Amendment rights.  Id., at 13-17.

Plaintiff's allegations violate the liberal pleading rules of the Federal Rules of Civil Procedure.  Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests,

(2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The complaint fails wholly to meet the first two of these requirements. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957);  5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990).  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).  Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of  Rule 8.)

Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth "who is being sued, for what relief, and *on what theory*, with enough detail to guide discovery" (emphasis added)).  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981)).  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

The complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint."  McHenry , 84 F.3d at 1179-80.

In addition, as far as the court can discern, plaintiff seeks money damages for the allegedly unconstitutional procedures involved in his prosecution and incarceration.   In Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his

arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful

voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a

fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United

States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence that has <u>not</u>
> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for

damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the

conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>  Plaintiff has made no

showing that his conviction or sentence has been expunged or otherwise invalidated, but plaintiff

will be granted leave to amend.

Plaintiff is cautioned, however, in amending his complaint that the Supreme Court

has held that judges acting within the course and scope of their judicial duties are absolutely

immune from liability for damages under § 1983.  <u>Pierson v. Ray</u>, 386 U.S. 547 (1967).  A judge

is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  <u>Stump v.</u>

<u>Sparkman</u>, 435 U.S. 349, 356-7 (1978), <u>quoting</u> <u>Bradley v. Fisher</u>, 13 Wall. 335, 351 (1872).  A

judge's jurisdiction is quite broad.  The two-part test of <u>Stump v. Sparkman</u> determines its scope:

> The relevant cases demonstrates that the factors determining
> whether an act by a judge is a 'judicial' one relate to the nature of
> the act itself, i.e., whether it is a function normally performed by a
> judge and to the expectation of the parties, i.e., whether they dealt
> with the judge in his judicial capacity.

<u>Id.</u> at 361.

To the extent that this court can determine it on the present filing, it appears that

6

1    all of plaintiff's claims against defendants Judge Kobayashi, Judge Orr and Judge Hom arise

2    from actions or inactions made by these defendants in their judicial capacity during the course of

3    any trials or litigation involving or affecting plaintiff, and these claims and defendants are also

4    dismissed on that basis with leave to amend.

5           Moreover, prosecutors are absolutely immune from civil suits for damages under

6    § 1983 which challenge activities related to the initiation and presentation of criminal

7    prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's

8    actions are immunized requires a functional analysis.  The classification of the challenged acts,

9    not the motivation underlying them, determines whether absolute immunity applies.  Ashelman

10   v. Pope, 793 F.2d 1072 (9th Cir. 1986)(en banc).  The prosecutor's quasi-judicial functions,

11   rather than administrative or investigative functions, are absolutely immune.  Thus, even charges

12   of malicious prosecution, falsification of evidence, coercion of perjured testimony and

13   concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.

14   See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).  It appears that the claims against

15   all of the defendants plaintiff seeks to implicate for "falsely" prosecuting an action against him

16   must be dismissed as well on that separate ground, but plaintiff is granted leave to amend.

17          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

18   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

19   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

20   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

21   there is some affirmative link or connection between a defendant's actions and the claimed

22   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

23   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

24   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

25   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

26          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

3.  Plaintiff's July 10, 2006, and July 17, 2006, requests for the appointment of counsel are denied.

DATED: 12/13/06                                    /s/ Gregory G. Hollows

                                                   _____
                                                   GREGORY G. HOLLOWS
                                                   UNITED STATES MAGISTRATE JUDGE

GGH:009
john1514.b